IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL IVERS and TAWNI IVERS,<br><br>                  Plaintiffs,<br>v.<br><br>STATE FARM INSURANCE MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>                  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:24-cv-00874-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

      This matter comes before the Court on Defendant, State Farm Insurance Mutual Automobile Insurance Company's Motion to Dismiss Cause of Action Brought by Plaintiff Michael Ivers. The Court will grant the Motion and dismiss Mr. Ivers' claims as he fails to allege injury or damages.

I. BACKGROUND

      This matter involves claims arising from an automobile accident in which Plaintiff, Tawni Ivers, was a passenger in a Chevy Silverado owned and insured by Plaintiff, Michael Ivers, Ms. Ivers' father-in-law.[1] Mr. Ivers was not involved in the accident. However, Ms. Ivers was injured when another car hit the Silverado. Thereafter, Ms. Ivers filed suit against the other car's driver in July 2021.[2] In May 2023, the parties settled in the amount of $100,000.00, the full policy amount for the other driver.[3]

---

[1] Docket No. 2-1, ¶¶ 12–13.

[2] *Id.* ¶ 14.

[3] *Id.* ¶ 15.

Prior to the accident, Mr. Ivers contracted with Defendant for automobile insurance. The insurance policy states that it covers Mr. Ivers, his resident relatives, and any other persons while occupying his automobile so long as the vehicle was used within the scope of his consent.[4] The policy includes underinsured motor vehicle bodily injury coverage, which is at issue here. The underinsured motorist policy limit is $50,000.00.[5]

After Ms. Ivers settled with the other driver's insurance company, she sent a demand letter requesting payment from Defendant under the underinsured motorist policy.[6] Ms. Ivers outlined special and general damages totaling approximately $430,000.00.[7] Later, in October 2023, Ms. Ivers sent another letter, providing proof of lost wages and future medical health damages for approximately $172,000.00.[8] Defendant refused to make payment and subsequently, both Ms. Ivers and Mr. Ivers filed suit in Utah state court in August 2024.[9] Plaintiffs assert claims for breach of contract and breach of the covenant of good faith and fair dealing. On November 22, 2024, Defendant removed the action to this Court. Defendant then filed this Motion to Dismiss Plaintiff Michael Ivers for failure to state a claim.

## II. LEGAL STANDARD

When evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them

---

[4] Docket No. 5, Ex. 1, at 5–6.

[5] *Id.* at 13.

[6] Docket No. 2-1, ¶ 16.

[7] *Id.* ¶ 19.

[8] *Id.* ¶ 20.

[9] *Id.* ¶ 22.

in the light most favorable to the non-moving party.[10] The plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[11] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

### III. ANALYSIS

Defendant argues that the Complaint does not contain allegations that Mr. Ivers is entitled to relief as he was not involved in the motor vehicle accident and did not suffer bodily injury from the accident.[14]

Under Utah law, to state a claim for breach of contract, a complaint must plead: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[15] The Complaint pleads that Mr. Ivers' policy with State Farm is a contract, that Mr. Ivers performed under the contract by paying his insurance premiums, Defendant breached the contract by failing to pay out on the underinsured motorist policy, and as a result Ms. Ivers suffered monetary damages.[16] However, the Complaint fails to plead that Mr. Ivers suffered any damages as a result of the alleged breach of contract. Further, there are no

---

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[14] Docket No. 5, at 3–4.

[15] *Avtech Capital, LLC v. Wattum Mgmt., Inc.*, No. 2:23-cv-00778-DBB-DBP, 2024 WL 3445062, at *2 (D. Utah July 17, 2024) (internal quotation marks and citation omitted).

[16] Docket No. 2-1, ¶¶ 25–29.

allegations of bodily injury to Mr. Ivers that would trigger the policy. Accordingly, Mr. Ivers does not assert a plausible claim, and the Court will dismiss his breach of contract claim.

Turning to the second claim, "the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[17] The Complaint fails to plead that Mr. Ivers suffered damages based on Defendant's alleged failure to diligently investigate and fairly evaluate Ms. Ivers' claim. Therefore, the Court will dismiss Mr. Ivers' breach of the implied covenant of good faith and fair dealing claim.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED.

DATED February 10, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17] *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 (Utah 1996) (internal quotation marks and citation omitted).